UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ERIK HAUG, <br><br> Plaintiff, <br><br> v. <br><br> CAROLYN W COLVIN, Acting Commissioner of the Social Security Administration, <br><br> Defendant. | CASE NO. 12-cv-05783 JRC <br><br> ORDER GRANTING MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b) |

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, ECF No. 3; Consent to Proceed Before a United States Magistrate Judge, ECF No. 5). This matter is before the Court on plaintiff's Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b) (*see* ECF No. 18). Defendant has no objection to plaintiff's request (*see* ECF No. 19).

The Court may allow a reasonable fee for an attorney who represented a Social Security Title II claimant before the Court and obtained a favorable judgment, as long as such fee is not in

excess of 25 percent of the total of past-due benefits. *See* 42 U.S.C. § 406(b)(1); *Grisbrecht v. Barnhart*, 535 U.S. 789 (2002). When a contingency agreement applies, the Court will look first to such agreement and will conduct an independent review to assure the reasonableness of the fee requested, taking into consideration the character of the representation and results achieved. *See Grisbrecht, supra*, 535 U.S. at 807, 808 (footnote omitted) (citations omitted). Although the fee agreement is the primary means for determining the fee, the Court will adjust the fee downward if substandard representation was provided, if the attorney caused excessive delay, or if a windfall would result from the requested fee. *See Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (*citing Grisbrecht, supra*, 535 U.S. at 808).

Here, the representation was standard, at least, and the results achieved excellent (*see* ECF No. 18, Attachments 1, 2). *See Grisbrecht, supra*, 535 U.S. at 808. The parties stipulated to remand pursuant to sentence 6 of 42 U.S.C. § 405(g) because the transcript from plaintiff's hearing could not be prepared (*see* ECF No. 10). Following remand, a new hearing was held that resulted in a fully favorable decision by an Administrative Law Judge. There has not been excessive delay and no windfall will result from the requested fee.

Plaintiff's total back payment was $55,008.00 (*see* ECF No. 18, Declaration of Counsel, Attachment 1, pp. 2-3; Notice of Award, Attachment 2, pp. 4, 6). Plaintiff has moved for a attorney's fee award of $7,000.00 (plus costs of $17.80 (certified mail)) (*see* Motion, ECF No. 18). *See* 31 U.S.C. §§ 3711(a), 3716(a); *Astrue v. Ratliff*, 130 S.Ct. 2521, 2524, 2010 U.S. LEXIS 4763 at \*\*\*6-\*\*\*7 (2010); *see also Parish v. Comm'r. Soc. Sec. Admin.*, 698 F.3d 1215, 1221 (9th Cir. 2012).

Based on plaintiff's motion and supporting documents (*see* ECF Nos. 18, 18-1, 18-2), and with no objection from defendant (*see* ECF No. 19), it is hereby ORDERED that attorney's

ORDER GRANTING MOTION FOR
ATTORNEY'S FEES PURSUANT TO 42 U.S.C. §
406(B) - 2

fees in the amount of $7,000 be awarded to plaintiff's attorney pursuant to 42 U.S.C. § 406(b). It also is ORDERED that costs in the amount of $17.80 shall be awarded to plaintiff pursuant to 28 U.S.C. § 1920.

Dated this 15th day of August, 2014.

J. Richard Creatura
United States Magistrate Judge

ORDER GRANTING MOTION FOR
ATTORNEY'S FEES PURSUANT TO 42 U.S.C. §
406(B) - 3